LOTTINGER, Judge.
This is a tort action arising out of an automobile accident which occurred in the City of Baton Rouge on May 26, 1953. The plaintiff, Robert O. Buford, alleged in his petition that he was operating his 1950 model Dodge automobile in a southerly direction on North Third Street, and that aftei having come to a stop in his lane of traffic the defendant truck, which was travelling at an excessive rate of speed, collided with the rear of his automobile. Joined as defendants are the Hollabaugh-Seale Funeral Home, Inc., owner of the Chevrolet truck, the American Automobile Insurance Company, its liability insurer, and Thomas Perkins, the driver of the truck. The plaintiff seeks damages in the amount of $644, representing the cost of repairing his automobile and towing it to the garage, together with 12% damages as-penalty and attorney fees in the amount of $250.
In their answer the defendants denied' any negligence and alternatively pleaded; contributory negligence on the part of the-plaintiff in that while proceeding in a southerly direction on North Third Street he endeavored to pass the Chevrolet truck driven by Perkins and upon being confronted with traffic driven in a northerly direction, suddenly swerved in front of Perkins bringing his car to a violent stop-before having gotten completely back in the-south bound traffic lane. The defendant, Thomas Perkins, reconvened for damages-for personal injuries in the amount of $500' and the defendant, Hollabaugh-Seale Funeral Home, Inc., reconvened seeking $100' for property damage and $50 for loss of use of the truck.
The Court below rendered judgment in-favor of the plaintiff in the amount of $640,. rejecting the demands of the defendants-who now prosecute this appeal. The claim on the part of the plaintiff for penalties and' attorney fees appears to have been discarded -as it was not allowed by the trial judge and the plaintiff has not answered' the appeal.
This case is another one of those which-presents a question of fact with the witnesses for each side being in violent disagreement. The testimony of the plaintiff would' have us believe that the accident happened exactly as alleged in his petition, whereas-that of Perkins and Mr. D. T. Ho-llabaugh, President of the defendant funeral home, points to the occurrence of the accident as-alleged in their answer. There were no-other witnesses to the -accident and the testimony of police officer Glen O. Watt, who- *500 investigated same, is not decisive of the question.
The trial judge evidently believed the testimony of the plaintiff and concluded that he was struck from the rear after having come to a complete stop in his lane of traffic. While, as we have said, the testimony is most conflicting, there is nothing in the record as made up which would point to manifest error on the part of the trial judge. Counsel for defendants lay great stress on pictures of the damaged vehicles which show the damage to plaintiff’s car to be more to the right rear than to the center. We have examined these carefully and do not think that this fact precludes the occurrence of the accident as alleged by plaintiff and found by the trial judge.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.